UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL JAN CIMBA | ) | CASE NO.: 19-33540(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| DENIS FRANKENBERGER | ) | AP NO.:   20-03006 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL JAN CIMBA | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Partial Summary Judgement filed by Defendant/Debtor Daniel Jan Cimba ("Debtor" or "Daniel") against Plaintiff Denis Frankenberger ("Denis"). The Court considered the Motion of the Debtor and the Response of the Plaintiff to the Motion for Partial Summary Judgment. For the following reasons, the Court will **GRANT** the Debtor's Motion for Partial Summary Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Daniel was married to Amy F. Cimba ("Amy"), the daughter of Denis and Marilyn Frankenberger. Daniel and Amy were married until 2012.

On July 6, 2012, the Jefferson Circuit Court Family Division entered a Decree of Dissolution of Marriage, ending the marriage of Amy and Daniel. The Divorce Decree incorporated the

Marriage Dissolution Settlement Agreement ("Settlement Agreement") executed by Daniel and Amy on June 29, 2012.

The Settlement Agreement included the assumption of a debt owed to UBS Bank, N.A. ("UBS") of $162,000 by Daniel related to a loan that was "either secured by guarantees or pledges of securities by Amy's mother, Marilyn Frankenberger, and father, Denis Frankenberger, or was incurred by one of them for Daniel and Amy's benefit." Settlement Agreement, pp. 11-12. Daniel agreed to make payments of $1,067.07 to UBS to satisfy the debt on a 20-year amortization schedule.

The UBS debt consisted of two separate loan amounts. The first was Daniel and Amy's UBS Securities Premier Credit Line Account #5V-05880 which had a balance of $103,000. The second was Daniel and Amy's Installment Promissory Note dated February 25, 2010 which was for purposes of repaying Marilyn Frankenberger ("Marilyn"), Amy's mother and Denis' ex-wife – in the amount of $85,419.45 for funds she provided from her UBS Securities Premier Credit Line, Account #5V-18840.

Marilyn has not objected to Daniel's discharge or the dischargeability of the UBS debt at issue.

The parties agree that UBS loan Account #5V-05880 is the only loan at issue in this case.

On November 10, 2003, Daniel and Amy opened UBS Credit Line Account #5V-05880 with a Line of Credit in the aggregate amount of $500,000. The obligations on the UBS Credit Line Account #5V-05880 were secured by Daniel and Amy's UBS Account #LV-54373 and UBS Account #LV-52332. The UBS Line of Credit Account #LV-05880 was opened by Daniel and Amy initially so they could purchase real estate for $280,000, which was for Lot No. 15 in the Blakely Woods Subdivision in Louisville, Kentucky on December 6, 2005.

On November 18, 2011, Denis purchased the Blakely Woods lot from Daniel and Amy "for and in consideration of Grantees's assumption, agreement to pay and hold the Grantors harmless from liability in the amount of $280,000 due and owing by the Grantors to UBS Bank USA." From 2004 through 2011, Daniel and Amy also drew funds from UBS Line of Credit Account #5V-05880 to pay for living expenses.

On September 20, 2017, Denis opened a $950,000 Line of Credit with PNC Bank ("The PNC Note"). The loan documents clearly list Denis as the "Borrower." Daniel is not listed as a Borrower on the PNC Note, nor did Daniel sign the PNC Note.

Denis also signed a Pledge Agreement with PNC, which states, "this Agreement (including the documents and instruments referred to herein) constitutes the entire agreement and supercedes all other prior agreements and understandings, both written and oral, between the Pledgor and the Secured Party . . ." Daniel is not listed as the Pledgor, nor did he sign the Pledge Agreement.

On September 20, 2017, Denis also signed a Notification and Control Agreement in which he granted a security interest in the investment property held in the Securities Account No. 80-80-001-810520 with PNC. Denis signed as the Pledgor. Daniel is not listed as the Pledgor, nor did he sign the PNC Collateral Agreement.

On September 27, 2017, Denis paid off the outstanding balance of the UBS debt, $78,508.86 on UBS Account #5V-05880 with a transfer from another UBS Account #5V-41007. UBS Account #5V-05880 was satisfied with funds obtained by Denis from the PNC Bank, N.A. (commercial loan #60660882). Daniel was not listed as a Borrower on the PNC Note, nor did Daniel sign the PNC Note. Denis also admitted that UBS loan Account #5V-18840 was satisfied in full before Daniel filed his bankruptcy Petition in this case.

Denis renewed the PNC Note on September 20, 2018 and again on September 6, 2019 for $950,000. Denis is listed as the Borrower. Daniel is not listed as the Borrower, nor did he sign the renewals.

The PNC Note was renewed again by Denis on March 13, 2020 for $750,000 and again on July 3, 2020 when he reduced the Line of Credit to $600,000. Daniel did not sign these renewals either.

Daniel also did not sign a personal guaranty with PNC to guaranty any of the above referenced PNC loans.

Denis admits in his Response that he refinanced the UBS debt with PNC under terms that did not include a written personal guaranty by Daniel. Denis admits that Daniel does not have any liability to PNC.

On November 1, 2019, Daniel filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code with this Court.

The Schedules filed with Daniel's Petition did not list Denis, Amy or PNC as creditors, other than listing a debt to PNC for a credit card debt. Denis and Marilyn were listed as co-debtors on a debt to "UBS", despite the fact that UBS loan Account #5V-05880 was satisfied prior to the date the Petition was filed. Daniel later amended his Schedules to include UBS and PNC as creditors. Denis later removed the satisfied UBS debt from his Schedules and included Denis as a creditor with the claim amount listed as "0.00" and "disputed." Daniel states this was done while the parties were working through the standing issues before the Court.

On February 3, 2020, Denis and Amy initiated this Adversary Proceeding seeking a determination that their claims against Daniel are nondischargeable under 11 U.S.C. § 523(a)(5) and

(15), as well as claims that Daniel knowingly and fraudulently made false statements in his bankruptcy Petition pursuant to 11 U.S.C. § 727(a)(4).

On September 30, 2020, the Trustee issued a No Asset Report in Daniel's bankruptcy case.

On January 7, 2021, Daniel and Amy tendered an Agreed Order stipulating the dismissal of Amy's claims in this Adversary Proceeding against Daniel without prejudice.

On April 14, 2021, Denis filed a Motion for Partial Summary Judgment. Daniel also filed a Motion for Summary Judgment against Denis on April 14, 2021. The Court denied both of those Motions on July 7, 2021.

On September 1, 2021, Daniel filed a Motion to Bifurcate the Trial in this Adversary Proceeding, specifically seeking an Order that the trial proceed first on the issue as to whether Denis is a creditor of Daniel.

On September 28, 2021, following a hearing on Daniel's Motion to Bifurcate, the Court entered an Order granting the Motion to Bifurcate the Trial. The Order stated,

> . . . a trial on the Claimed Objections filed in the bankruptcy case and the issue of whether Denis is a creditor of Daniel should proceed first. If that trial does not resolve the issues in this Adversary Proceeding, then the Court will schedule a further trial on the remaining issues in the Adversary Proceeding including Denis' claims under sections 523 and 727 of the Bankruptcy Code.

On October 29, 2021, following a status hearing with the parties, the Court ordered Daniel to file a Renewed Motion for Summary Judgment on whether Denis is a creditor of Daniel.

On October 29, 2021, Daniel filed the Motion for Partial Summary Judgment that is currently before the Court.

On November 19, 2021, Denis filed his Response to Daniel's Motion for Partial Summary Judgment.

## **LEGAL ANALYSIS**

I.        Summary Judgment Standard.

       Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial "burden of proving that no genuine issue as to any material fact exists and that it is entitled to a judgment as a matter of law." *R. S. W. W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 433 (6th Cir. 2005). The burden then shifts to the nonmoving party to "come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

II.       Denis is not a Creditor of Daniel.

       The Bankruptcy Code defines a "creditor" as any "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). Pursuant to this definition a creditor-debtor relationship will be found to exist when an entity holds a "claim" against any person(s) who has commenced a case under Title 11 of the United States Code, the operative word in this instance being "claim." *Hunter v. Dupuis (In re Dupuis)*, 265 B.R. 878, 882 (Bankr. N.D. Ohio 2001).

       For purposes of the Bankruptcy Code, a "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . ." 11 U.S.C. § 101(5).

Denis claims he is a creditor of Daniel based upon the 2012 Divorce Decree between Daniel and Amy and the Settlement Agreement, in which he claims Daniel agreed to pay the UBS debt. Denis admitted in his discovery responses that the "only loan at issue" in this case is the UBS debt, loan Account #5V-05880. Denis further admitted through his discovery responses that UBS loans Account #5V-18840 and Account #5V-05330 were satisfied before Daniel instituted his Chapter 7[1] bankruptcy petition. Since Denis acknowledged that these loans were satisfied prior to the commencement of Daniel's bankruptcy case, Denis has no right to payment from Debtor, does not hold a claim and therefore cannot be classified as a creditor.

The evidence presented clearly establishes that it was Denis who undertook a new Line of Credit with PNC Bank. Seven days after he opened the PNC Line of Credit, Denis paid off the outstanding balance on UBS Account #5V-05880 with a transfer from UBS Account #5V-41007. Daniel was not a signatory to this loan, nor is there any evidence that Daniel was a guarantor on this debt. Without such written documentation indicating Daniel is liable for the debt, this claim fails as a matter of law because it violates Kentucky's statute of frauds. *See* KRS 371.010(4).

The Kentucky statute of frauds provides:

No action shall be brought to charge any person:
. . . . .
(4) Upon any promise to answer for the debt, default, or misdoing of another,

---

[1] Daniel states in paragraph 11 of his Motion for Partial Summary Judgement that the UBS loan Account #5V-05880 and #5V-18840 were satisfied in full before the commencement of Daniel's bankruptcy, citing Denis "Discovery Responses, Response to Request for Admissions No. 2." The Request for Admission Responses, attached as an Exhibit to the Motion states "UBS loans 5V-18840 and 5V-05330 were satisfied in full before the commencement of the Defendant's case." The request was admitted by Denis. The Court assumes the reference to loan "5V-05330" is a typographical error and refers to loan Account #5V-0880.

> unless the promise, contract, representation, assurance, or ratification, or same memorandum or thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. . . .

KRS 371.010(4). There is no evidence in the record of any written document signed by Daniel in which he promised, contracted or represented that he would guaranty payment of any debt undertaken by Denis. At best, Denis held the rights of a third party beneficiary of Daniel and Amy's Settlement Agreement and any right he had to enforce the Agreement was extinguished upon use of PNC Line of Credit to pay off UBS.

At the time Daniel filed his Motion for Partial Summary Judgment on October 29, 2021, Denis had not filed a proof of claim against Daniel, although there is no deadline for filing proofs of claim in this case. However, along with his Response to the Motion for Partial Summary Judgment, Denis filed a Proof of Claim on November 19, 2021 in the amount of $75,908. The basis of the Proof of Claim is "guarantee of debt (see attachment)." No written guaranty is attached. Instead, there is an addendum which states:

> This claim is based upon the obligation of debtor to pay a certain debt as set out in Debtor's divorce proceedings and as more fully described in the pleadings of the adversary proceeding Frankenberger v. Cimba, Case No. 20-3006 pending in this Court.

*See*, Proof of Claim No. 2, filed November 19, 2021. Again, there is no reference to a particular written document signed by Daniel to pay any debt or guaranty of Denis. To the extent Denis is relying on the $78,508.86 balance that remained on Account #5V-05880 referenced in the Settlement Agreement, that amount was paid off by Denis with proceeds of the PNC Note. Again, there are no documents signed by Daniel whereby he promised to pay this or any other debt or guaranty of Denis.

On April 14, 2021, in this Adversary Proceeding, Denis filed a Motion for Partial Summary Judgment against Daniel contending Debtor made false statements in his Petition and that his discharge should be denied pursuant to 11 U.S.C. § 727(a)(4). No claims regarding a signed guaranty by Daniel were made by Denis in that Motion for Partial Summary Judgment.

Also on April 14, 2021, Daniel filed a Motion for Summary Judgment on the basis that Denis was not a creditor of Daniel. In his Response to Daniel's Motion for Summary Judgment, Denis relies on a provision in the marriage Settlement Agreement, par. VI, subparagraph C. This section clearly shows that Denis and Amy's mother, Marilyn Frankenberger, had guaranteed a UBS debt owed by Amy and Daniel approximately in the amount of $162,000. The language therein states:

> As to one another, Dan shall be responsible for the total debt balance in accordance with an appropriate amortization schedule and he shall indemnify and hold Amy harmless with respect to such.

In the Response, Denis' attorney stated:

> The part relevant here is the part of the UBS debt owed by Amy and Daniel which is secured by the guarantee or pledge of security by Denis.

*See* p. 4 of Plaintiff's Response to Defendant's Motion for Summary Judgment, Dkt. 38. Denis argued further that under the Settlement Agreement, Denis took out the Line of Credit with PNC and paid off the UBS debt. He further acknowledged that he used the Line of Credit for other purposes than paying off the UBS Line of Credit and that Daniel and Amy were responsible to make payments to UBS in accordance with an amortization schedule. He stated that as to who is liable between Amy and Daniel on the debt is still to be decided in their divorce proceedings. *See* pp. 4-5 of Plaintiff's Response.

This Court denied both Denis' Motion for Partial Summary Judgment and Daniel's Motion for Summary Judgment on July 7, 2021.

The problem with Denis' argument in his Response to Daniel's Renewed Motion for Summary Judgment is the same as his Response to Daniel's initial Motion for Summary Judgment. In both instances, Denis does not have documentation of a written guaranty signed by Daniel to repay the UBS debt as referenced in the Settlement Agreement. Nor does he have any documentation or evidence that Daniel guaranteed the UBS debt paid by Denis. There is no privity of contract between Daniel and Denis upon which Denis can hold Daniel legally responsible for the UBS debt related to UBS loan Account #5V-05880 that Denis personally guaranteed and ultimately paid off after refinancing the debt with PNC.

Denis contends that Kentucky courts distinguish between the existence of the orally guaranteed debt and enforceability of the guaranteed debt, citing *Drake v. Rowe*, 162 Ky. 646, 650 172 S.W. 1068, 1070 (1915) ("The statute does not make oral contracts to answer for the debt of another person invalid; it merely prohibits the bringing of an action upon such a promise.") Denis also cites *Midland Funding, LLC v. Johnson*, 137 S.Ct. 1406, 1412 (2017), wherein the Supreme Court stated the word "enforceable" does not appear in the Code's definition of a "claim." *Id.* at 1412. Denis states in his Response, "Denis is not seeking in this action to enforce the debt but only to have it declared an exception to discharge and to have Daniel denied a discharge." Denis further states that he is really only trying to preserve Amy's rights in the divorce under the Marriage Settlement Dissolution and that any adverse ruling on standing should apply only to Denis, not Amy.

It is important to note that Amy was initially a Co-Plaintiff in this action seeking an order declaring the financial obligation owed to her by Daniel resulting from their divorce

nondischargeable under 11 U.S.C. § 523(a)(5), Domestic Support and § 523(a)(15) Debts Arising out of a Divorce, Separation or Property Settlement Decree. These claims could only be brought by Amy not Denis. The very terms of the statutes apply to "domestic support obligations owed to a spouse, former spouse or child of the debtor," none of which apply to Denis.

By citing *Drake* and *Midland Funding*, Denis appears to be arguing that the Kentucky statute of frauds does not apply in this case because he is not seeking to enforce an oral promise by Daniel to pay the debt, but only have it declared nondischargeable. But, in fact, that is exactly what he is doing with the nondischargeability proceeding. Denis cannot possibly succeed in a nondischargeability proceeding, unless the oral promise of a guarantee by Daniel is upheld by this Court as an enforceable debt. As a matter of law, this action cannot proceed because Denis cannot enforce such an oral promise by Daniel to pay the debt at issue. It makes no difference whether Daniel calls this action a nondischargeability proceeding or an action to enforce an oral promise of a guaranty. In either event, the statute of frauds prevents such claims.

The Jefferson Circuit Court Family Division had not yet ruled on the Property Settlement Agreement between Amy and Daniel before Amy voluntarily withdrew from this nondischargeability proceeding, without prejudice. The Court makes no ruling on any claim Amy may or may not have against Daniel since she has no pending claims in this proceeding.

Denis correctly notes that in *Midland Funding*, the Supreme Court, in addressing the meaning of a "claim" under the Bankruptcy Code, stated that it does not include the term "enforceable." The Bankruptcy Code, however, in Section 502(b)(1), does state that if a "claim" is "unenforceable" it will be disallowed. 11 U.S.C. § 101(5)(A) states that a "claim" is a "right to payment," "whether or not such right is fixed, contingent . . . [or] disputed." However, if the claimant loses a dispute,

the claim is then disallowed. *Midland Funding*, 137 S.Ct. at 1412. Here, Daniel raised the statute of frauds as a defense to Denis' "claim" in the nondischargeability action. The Court find this defense applicable based on the undisputed facts of the case.

The Bankruptcy Code defines a "creditor" as any "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). Furthermore, under the Code, a "claim" is defined as a "right to payment, whether or not such right is reduced to judgment. . . fixed, contingent, disputed, undisputed, legal, secured or unsecured." 11 U.S.C. § 101(5). Under these broad definitions Denis could be classified as a "creditor" with a "disputed" "claim." However, the Motion before the Court is a Motion for Summary Judgment. The undisputed material facts establish that Daniel is entitled to judgment in his favor, as a matter of law on Denis' assertion that his "claim" is nondischargeable under 11 U.S.C. § 523(a)(5) or (15). His claim is disallowed as a matter of law based upon the Kentucky statute of frauds.

The undisputed material facts establish that there are no written documents whereby Daniel is liable for the PNC debt. The only document produced by Denis to support his claim is the Account Authorization Form signed by Daniel. The form, however, by its terms is revocable by Daniel at will. The form also does not meet the strict standards of a personal guaranty under KRS 371.065(1) ("No guaranty of an indebtedness which either is not written on, or does not expressly refer to, the instrument or instruments being guaranteed shall be valid or enforceable unless it is in writing signed by the guarantor and contains provisions specifying the amount of the maximum aggregate liability of the guarantor thereunder, and the date on which the guaranty terminates.")

Denis' filing of the Proof of Claim after the standing issue has been raised and joined by the parties following the hearing on the Motion to Bifurcate, strikes the Court as a bit of gamesmanship,

rather than a solid legal challenge. Neither PNC nor UBS have filed proofs of claim in this case. Denis' actions are simply attempts to perpetuate litigation that has no legal basis and drawn to its natural conclusion, fails as a matter of law. Denis cannot succeed as a matter of law on his nondischargeability action because he cannot prove the existence of an allowable claim or debt. So while he may have standing to file a "claim", the claim cannot be allowed or sustained in light of the undisputed facts herein and the statute of frauds defense raised by Daniel. The Court sees no legal basis to allow Denis' nondischargeability action on the UBS debt to continue. Accordingly, the Court will **GRANT** the Motion for Summary Judgment on Denis' claims under 11 U.S.C. § 523(a)(5) and (a)(15).

Finally, Denis admitted that the sole basis of his claim against Daniel was the 2012 Divorce Decree and the Settlement Agreement in which Daniel agreed to pay the UBS debt. The evidence of record, however, established that the UBS debt, loans Account #5V-18840 and Account #5V-05880 were satisfied in full before the bankruptcy Petition was filed. Since summary judgment is appropriate on these claims, Denis lacks standing to assert any claims under 11 U.S.C. § 727(a) because he is not a creditor of Daniel. *See*, *In re Bilfield*, 493 B.R. 748, 752-53 (Bankr. N.D. Ohio 2013). (A plaintiff that is not a creditor lacks standing to object to discharge under 11 U.S.C. § 727(a)) Accordingly, all remaining claims of the Complaint herein, must also be dismissed.

## **CONCLUSION**

For all of the above reasons, the Motion for Partial Summary Judgment by Defendant/Debtor Daniel Jan Cimba against Plaintiff Denis Frankenberger, be and hereby, will be **GRANTED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

*Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 14, 2022

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL JAN CIMBA | ) | CASE NO.: 19-33540(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| DENIS FRANKENBERGER | Da) | AP NO.:   20-3006 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DANIEL JAN CIMBA | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

Pursuant to the Memorandum-Opinion referenced herein and incorporated by reference,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion for Partial Summary Judgment of Defendant/Debtor Daniel Cimba against Plaintiff Denis Frankenberger, be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  February 14, 2022